(No. 78-CC-0351-

DAVID MICHAEL ANDRYSIAK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 1, 1980.*

GEORGE F. GALLAND, for Claimant.

WILLIAM J. SCOTT, Attorney General (PAUL W. SENGPIEHL, Assistant Attorney General, of counsel, for Respondent.

PER CURIAM.

This is a claim for retroactive salary based upon a reconsideration opinion as a result of the Claimant's request for a job reallocation. The original request for audit and reallocation was denied by the agency and in December of 1976 the Claimant filed a request for reconsideration with the Department of Personnel. The procedure involving a reconsideration is commonly referred to as a fourth level grievance procedure and is governed by Rule 1—30 of the Department of Personnel Rules as interpreted by the director of the Department of Personnel. The procedure under Rule 1—30 is for the back pay to be granted retroactive to the date of application for reconsideration.

This case is analogous to the situation that was brought before this Court in the case of *Claire Crawford v. State of Illinois,* No. 77-CC-1790, in that the claim is for retroactive salary back to the date of the application for reconsideration. In *Claire Crawford (supra)* this Court held that the retroactive salary was not prohibited by section 9 of the Finance Act (Ill. Rev. Stat., ch. 127, par. 145), which generally prohibits back pay except in cases involving the application of the prevailing rate principle or based upon the effective date of a collective bargaining agreement. This case happens to be neither of the above but as in *Claire Crawford (supra)* we find that the fact that the Claimant was paid at a rate less than that called for by the duties being performed by the Claimant takes it out of the prohibition of section 9 of the Finance Act (Ill. Rev. Stat., ch. 127, par. 145), in that the retroactive payment would not be a payment which "would constitute in fact an additional payment for work

already performed and for which remuneration had already been made" which is prohibited by section 9 of the Finance Act.

Therefore, inasmuch as this retroactive salary payment is not prohibited by section 9 of the Finance Act, and it is not in violation of Rule 1—30 as interpreted by the director of personnel, we hereby grant an award to this Claimant in the amount of $572.54 subject to the appropriate additions and withholdings as required by the State Employees' Retirement System. F.I.C.A. and State and Federal income tax requirements.